JUSTICE McKINNON,
dissenting.
¶33 I dissent from the Court’s decision and would hold that the Department’s calculated VBR and phase-in method for “new, remodeled, or reclassified property” pursuant to subsection (2) is not *39 supported by the plain language of § 15-7-111, MCA. Neither subsection (2) nor subsection (3) gives the Department the authority to use any value other than the value from the 2002 base year. While subsection (2) allows for a new assessed value for property changes, it does not allow the Department to replace the value from the 2002 base year with a calculated VBR. The Department, moreover, adopted a calculated VBR for every agricultural property in the state pursuant to subsection (2), but failed to comply with the statute’s directive to adopt rules authorizing it to do so.
Subsection (2) provides:
The department shall value and phase in the value of newly constructed, remodeled, or reclassified property in a manner consistent with the valuation within the same class and the values established pursuant to subsection (1). The department shall adopt rules for determining the assessed valuation and phased-in value of new, remodeled, or reclassified property within the same class.
¶34 Petitioners argue that subsection (3), which requires changes in valuation from the 2002 base year for class three, four, and ten properties be phased in at a rate of 16.66% of the change, should be applied to property valuation changes resulting from subsection (3) and subsection (2). The Department’s position is that the phase-in procedure of subsection (3) applies only to increased valuations resulting from changes in market conditions.
¶35 Given the context of the 2009 comprehensive reappraisal of agricultural properties and the Department’s subsequent adoption of ARM 42.20.607 regarding a phase in procedure for subsection (3), I can appreciate the Department’s interpretation of § 15-7-111, MCA. Nevertheless, this interpretation fails to account for the clear language of the statute requiring the value of new, remodeled, or reclassified property to be “phased-in” under subsection (2). This is Petitioners’ primaxy objection. Petitioners’ argument is not compromised because they advocate a phase in method consistent with subsection (3). Petitioners, in an effoit to construe the entire statute harmoniously, as we similarly must, assert that the same phase in procedure set forth in subsection (3) should be applied to subsection (2).
¶36 Thus, I agree with Justice Rice when he states in ¶ 32 that the “one question raised by the plain language of § 15-7-111, MCA, but not answered by the Department’s analysis of the statute, is the meaning or effect of the phase-in provisions of subsection (2).” The Department’s argument that only market changes must be phased in conflicts with the plain language of subsection (2) requiring that valuations of new, *40 remodeled, or reclassified property similarly be phased in. Further, I fail to see a statutory basis whereby subsections (2) and (3) are to be accorded different processes for phasing in. Lastly, it appears that the Department has failed to adopt any rules to implement a phase in pursuant to subsection (2), as expressly required by the statute.
¶37 I believe the foregoing must be evaluated in the context of the requirement that"... tax statutes are to be strictly construed against the taxing authority and in favor of the taxpayer.” W. Energy, Co. v. Dep’t of Revenue, 1999 MT 289, ¶ 10,297 Mont. 55, 990 P.2d 767, 769. To the extent any construction of § 15-7-111, MCA, is required, the statute must be construed in the taxpayer’s favor.
¶38 I dissent from our decision which does not apply these principles of statutory construction.